SAMUEL FOYE *versus* SEWALL SOUTHARD.

The proceeds of unbranded pressed hay, tortiously taken and sold, or wrongfully sold by one not the owner, but lawfully possessed thereof, may be recovered by the owner in assumpsit for money had and received against such tortious vendor.

ON EXCEPTIONS from *Nisi Prius.*

ASSUMPSIT for hay sold, and for money had and delivered.

It appeared from the testimony of the plaintiff that he had about sixteen tons of hay, of two qualities, in his barn, where about all of it could be seen; that the defendant came, and after examining it, bought it for $14 per ton for the second quality, and $17 for the first, the plaintiff to deliver it on board the defendant's vessel. Four loads were unloaded without objections by the defendant, but while unloading the fifth load the defendant found fault with the quality, and said he would not have the remainder of that load consisting of three bundles, nor the sixth load then present but unloaded. Plaintiff told the defendant he must take all or none. Defendant said it was not good hay nor the hay he had bought, and he would not have it. He, however, agreed to refer it to one Greenleaf, to which the plaintiff assented. Greenleaf said he called it a fair lot of hay, and that it was the same hay that he saw at plaintiff's barn, and that, if the defendant would not take it, he, (Greenleaf,) would, at an agreed price.

When Greenleaf went away, the defendant told the plaintiff he would not have the hay. Plaintiff replied he should not pick it, but he must have all or none.

The plaintiff hauled the balance to Greenleaf, intending to haul the whole to him. While plaintiff was making arrangements to take the hay delivered to defendant, the vessel of the latter sailed to Boston — sailed on Sunday.

Defendant sold the hay, about 32 bales, — 5 tons, — in Boston, at $23 per ton. Upon arrival home, defendant told the plaintiff he had sold the hay and would pay him, but never did.

Plaintiff told the defendant same day that Greenleaf had bought all the hay. Greenleaf paid for all the hay delivered to him. Plaintiff never went to the wharf after the hay, after defendant's vessel sailed. The hay was not branded.

Defendant moved for a nonsuit.

The plaintiff contended that the contract of sale was rescinded by mutual consent, and that the hay, thus remaining his property, it was taken away without his consent and converted into money, and, under the circumstances, the count for money had and received could be maintained. Also that, as there was no lawful sale, there was no sale; and the property remaining the plaintiff's, and it having been taken to Boston and sold for money, the count for money had and received was maintainable.

But the presiding Judge sustained the defendant's motion and ordered a nonsuit and the plaintiff alleged exceptions.

*A. P. Gould*, for the plaintiff.

1. The hay did not cease to be the plaintiff's property because it was not branded. If the plaintiff had offered the hay for sale or shipment without the brand, it would then only become a subject of forfeiture, but not forfeited. It would not cease to be plaintiff's property until libelled, tried and condemned by a competent court. It would be subject of larceny. Plaintiff might maintain trespass or waive the

tort and bring assumpsit. *A fortiori*, he may recover the proceeds received for it.

2. Defendant's promise after receiving the money will support the money count.

3. If the contract had not been rescinded, it was void. Plaintiff could not recover the price agreed, as for goods sold, because contract is forbidden by statute. But the hay remained plaintiff's property to feed his stock or to use in unforbidden way, and, while plaintiff's, defendant took it to Boston and sold it. Defendant violated no law there ; and, if taken there and sold with consent of plaintiff, the latter would not violate the statute which provides that that hay shall be branded which is " pressed and put up in bundles for sale in this State." 2 Greenl. on Ev., § 117.

*Pickard* v. *Bailey*, 46 Maine, 200, and *Buxton* v. *Hamlin*, 32 Maine, 448, do not apply. This action is not brought to enforce a contract forbidden by statute. First count is for value of hay taken without consent, and second count for money realized out of plaintiff's hay. The sale of unbranded hay is simply *malum prohibitum*. *Faikney* v. *Renores*, 4 Burrows, 2069 ; *Pepper* v. *Haight*, 20 Barb., 429 ; *Curtis* v. *Leavitt*, 15 N. Y., (1 Smith,) 9.

*Ingalls & Smith*, for the defendant.

WALTON, J. — The hay sued for not having been branded as required by law, it may be that the plaintiff cannot recover upon his count for goods sold and delivered, (R. S., c. 38, § 35 ; *Buxton* v. *Hamblen*, 32 Maine, 448,) although a contrary doctrine has been held in New Hampshire. *Brackett* v. *Hoyt*, 9 Foster, 264 ; *Williams* v. *Tappan*, 3 Foster, 385.

But, if the plaintiff can prove that the defendant tortiously took his hay and sold it, or, being lawfully possessed of it, wrongfully sold it, he may waive the tort and recover the proceeds of the sale under his count for money had and received. 2 Greenl. on Ev., § 120. Unbranded hay is as

much under the protection of the law against tortious inter-meddlers as hay that is branded.

As the evidence tended to prove that the contract of sale between the plaintiff and the defendant was rescinded, that the hay remained the plaintiff's property, that the defend-ant afterwards tortiously sold it and received the pay, we think the plaintiff had a right to have the case submitted to the jury, and should not have been nonsuited.

*Exceptions sustained — New trial granted.*

APPLETON, C. J., KENT, DICKERSON and DANFORTH, JJ., concurred.